THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BERNARDINO ECHEVARRÍA LAZÚ, Defendant and· Appellant.

No. CR-67-85.  Decided December 12, 1967.

*Enrique Miranda Merced, E. Armstrong Watlington,* and *Julio García Antique* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant. was convicted of robbery. He assigns as first error that the information did not charge an offense. The information charged him with having taken from the person of Pedro Díaz Viera several pieces of jewelry and money against the latter's will and by means of force,

violence, and coercion. His argument is that the information does not allege that he took personal property *belonging to another person.*

■■ He is not right, and the problem arises from an incorrect translation of § 238 of the Penal Code. The English version (§ 211 California Code) from where it was adopted, reads thus: "Robbery is the felonious taking of personal property *in the possession of another,* from his person . . . ." The phrase "in the possession of another" was incorrectly translated *"perteneciente a otro"* ("belonging to another"). The prosecuting attorney would not have to establish the dominion title of the property in the person assaulted. See *People* v. *Ríos Fernandini,* 92 P.R.R. 790 (1965).

■ The other error assigned refers to the sufficiency of the evidence. The evidence believed shows that appellant, together with another person, confronted the victim at Condado Avenue in Santurce. His companion pulled out a weapon and under intimidation and threat he made the victim deliver to him several pieces of jewelry and $2 in cash which he had. Appellant did not execute any act directly, but remained there close while the other committed the holdup, and both went away together. An hour later, when the police caught them, they were still together in a bar, and the attacker was showing the pieces of jewelry to appellant.

Under § 36 of the Penal Code appellant was a coauthor, or at least, he was an accomplice under § 37, likewise punished.

The judgment of conviction appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.